UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORRIS MARSTON and                )
JONATHAN B. MARSTON,              )
INTERVENOR,                       )
                                  )
            Plaintiffs,           )
      v.                          )        CIVIL ACTION
                                  )        NO. 10-10437-GAO
UNITED STATES OF AMERICA,         )
et al.,                           )
                                  )
            Defendants.           )

**ORDER ON RENEWED MOTION TO
COMPEL WITHDRAWAL OF APPEARANCE
OF FORMER COUNSEL FOR PLAINTIFF**

This matter is before the court on the "Renewed Motion to Compel Withdrawal of

Appearance of Former Counsel for Plaintiff" (Docket No. 103), which was filed by the

Intervenor, Jonathan B. Marston.  By his motion, the Intervenor is seeking an order

compelling the plaintiff's former counsel to withdraw their appearance from this case.

For the reasons that follow, the Intervenor's renewed motion is ALLOWED.

It is undisputed that by letter dated October 27, 2011, the plaintiff, Norris Marston,

terminated Orlando & Associates and its lawyers from continuing to serve as his legal

counsel in the present matter.  It is also undisputed that Norris Marston has retained new

counsel to represent him, and that new counsel is fully engaged in the matters that are

presently pending before the court.  Nevertheless, Orlando & Associates asserts that

"there is no valid reason to expel it from the case[,]" and that it should remain in the case

as counsel to the plaintiff in order "to respond to any additional factual misstatements that

might be advanced, by any party, as these proceedings go forward."  (Opp. Mem. (Docket

No. 104) at 3).

This court finds that Orlando & Associates is obligated to withdraw its appearance

in the instant matter.  Pursuant to Rule 1.16 of the Massachusetts Rules of Professional

Conduct, "a lawyer shall not represent a client or, where representation has commenced,

shall withdraw from the representation of a client if . . . the lawyer is discharged."  Mass.

R. Prof. C. 1.16(a).  As the Massachusetts Appeals Court has explained,

> [a] client's right to change his lawyer at any time for any cause or no
> cause at all is inherent in the characteristics of trust and confidential-
> ity in the lawyer-client relationship.  If it is bootless to make an
> opera singer sing, it makes still less sense in a civil case to require
> that a lawyer advocate and a client take advice once they have had a
> falling out.  Not only is contractual yoking of lawyer and client
> impractical; it would diminish the integrity of the bar and undermine
> public confidence in it.

Salem Realty Co. v. Matera, 10 Mass. App. Ct. 571, 575, 410 N.E.2d 716, 719 (1980)

(internal citations omitted), aff'd 384 Mass. 803, 426 N.E.2d 1160 (1981).

Furthermore, despite Orlando & Associates' assertion to the contrary, there is no

need for it to remain involved in this matter.  Although plaintiff's current counsel initially

indicated that he would be challenging the firm's conduct in connection with its repre-

sentation of Norris Marston during a mediation on October 17, 2011, the plaintiff has not

pursued that claim in connection with the matters pending before this court.  Moreover,

even if he did, Orlando & Associates would not be defending its actions from its status as

counsel to the plaintiff, but rather either as a witness or party.  Additionally, Orlando &

Associates has asserted a lien for attorneys' fees and expenses against any recovery in

this action.  (See Docket No. 65).  Therefore, it has taken appropriate steps to protect its

financial interests in the case, and there is no basis for its continued involvement as

counsel to the plaintiff.[1]

For the reasons detailed herein, the Intervenor's "Renewed Motion to Compel

Withdrawal of Appearance of Former Counsel for Plaintiff" (Docket No. 103) is

ALLOWED.  Counsel from Orlando & Associates shall take immediate steps to withdraw

their appearance from this case.

　　　　　　　　　　　　　　　　　　　/ s / Judith Gail Dein
　　　　　　　　　　　　　　　　　　Judith Gail Dein
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

DATED:  March 5, 2012

---

[1] In their opposition to the plaintiff's original motion to compel the withdrawal of Orlando & Associates' appearance, counsel argued that it was impossible for Norris Marston to terminate the firm's services because all matters relating to the litigation had been concluded on October 17, 2011.  To the extent Orlando & Associates continues to press this argument, it is unpersuasive.  As counsel well knows, the plaintiff's position is that no enforceable settlement agreement was reached on October 17, 2011 and, therefore, the litigation was not legitimately resolved.