UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORRIS MARSTON and ) <br> JONATHAN B. MARSTON, ) <br> INTERVENOR, ) <br> ) <br>     Plaintiffs, ) <br>   v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> et al., ) <br> ) <br>     Defendants. ) | CIVIL ACTION <br> NO. 10-10437-GAO |

## ORDER ON RENEWED MOTION TO
## COMPEL WITHDRAWAL OF APPEARANCE
## OF FORMER COUNSEL FOR PLAINTIFF

This matter is before the court on the "Renewed Motion to Compel Withdrawal of Appearance of Former Counsel for Plaintiff" (Docket No. 103), which was filed by the Intervenor, Jonathan B. Marston. By his motion, the Intervenor is seeking an order compelling the plaintiff's former counsel to withdraw their appearance from this case. For the reasons that follow, the Intervenor's renewed motion is ALLOWED.

It is undisputed that by letter dated October 27, 2011, the plaintiff, Norris Marston, terminated Orlando & Associates and its lawyers from continuing to serve as his legal counsel in the present matter. It is also undisputed that Norris Marston has retained new counsel to represent him, and that new counsel is fully engaged in the matters that are presently pending before the court. Nevertheless, Orlando & Associates asserts that "there is no valid reason to expel it from the case[,]" and that it should remain in the case

as counsel to the plaintiff in order "to respond to any additional factual misstatements that might be advanced, by any party, as these proceedings go forward." (Opp. Mem. (Docket No. 104) at 3).

This court finds that Orlando & Associates is obligated to withdraw its appearance in the instant matter. Pursuant to Rule 1.16 of the Massachusetts Rules of Professional Conduct, "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . the lawyer is discharged." Mass. R. Prof. C. 1.16(a). As the Massachusetts Appeals Court has explained,

> [a] client's right to change his lawyer at any time for any cause or no cause at all is inherent in the characteristics of trust and confidentiality in the lawyer-client relationship. If it is bootless to make an opera singer sing, it makes still less sense in a civil case to require that a lawyer advocate and a client take advice once they have had a falling out. Not only is contractual yoking of lawyer and client impractical; it would diminish the integrity of the bar and undermine public confidence in it.

Salem Realty Co. v. Matera, 10 Mass. App. Ct. 571, 575, 410 N.E.2d 716, 719 (1980) (internal citations omitted), aff'd 384 Mass. 803, 426 N.E.2d 1160 (1981).

Furthermore, despite Orlando & Associates' assertion to the contrary, there is no need for it to remain involved in this matter. Although plaintiff's current counsel initially indicated that he would be challenging the firm's conduct in connection with its representation of Norris Marston during a mediation on October 17, 2011, the plaintiff has not pursued that claim in connection with the matters pending before this court. Moreover, even if he did, Orlando & Associates would not be defending its actions from its status as

counsel to the plaintiff, but rather either as a witness or party. Additionally, Orlando & Associates has asserted a lien for attorneys' fees and expenses against any recovery in this action. (See Docket No. 65). Therefore, it has taken appropriate steps to protect its financial interests in the case, and there is no basis for its continued involvement as counsel to the plaintiff.[1]

For the reasons detailed herein, the Intervenor's "Renewed Motion to Compel Withdrawal of Appearance of Former Counsel for Plaintiff" (Docket No. 103) is ALLOWED. Counsel from Orlando & Associates shall take immediate steps to withdraw their appearance from this case.

                                                  / s / Judith Gail Dein
                                                  Judith Gail Dein
                                                  United States Magistrate Judge

DATED: March 5, 2012

---

[1] In their opposition to the plaintiff's original motion to compel the withdrawal of Orlando & Associates' appearance, counsel argued that it was impossible for Norris Marston to terminate the firm's services because all matters relating to the litigation had been concluded on October 17, 2011. To the extent Orlando & Associates continues to press this argument, it is unpersuasive. As counsel well knows, the plaintiff's position is that no enforceable settlement agreement was reached on October 17, 2011 and, therefore, the litigation was not legitimately resolved.