UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORRIS MARSTON and JONATHAN )
B. MARSTON, INTERVENOR, )
 )
       Plaintiffs, )
   v. ) CIVIL ACTION
 ) NO. 10-10437-GAO
UNITED STATES OF AMERICA, )
et al., )
 )
       Defendants. )

## ORDER ON DEFENDANT'S MOTION IN LIMINE
## REGARDING THE TESTIMONY OF JAY J. ISAAC, M.D.

August 8, 2012

DEIN, U.S.M.J.

Following a Final Pre-Hearing Conference held on August 2, 2012, this court took under advisement "Defendant's, Costello Dismantling, Motion in Limine to Exclude Affidavit of Jay J. Isaac as Trial Exhibit" (Docket No. 122) by which the defendant is seeking to preclude Dr. Isaac from testifying that in his opinion, Norris Marston lacked the mental capacity to enter into a settlement on October 17, 2011. For the reasons detailed herein, the motion with respect to this issue is DENIED WITHOUT PREJUDICE to renewal at an appropriate time during the evidentiary hearing.

### Discussion

The plaintiffs have designated Dr. Isaac as a fact witness to testify at the evidentiary hearing regarding Norris Marston's mental capacity to enter into a settlement

with the defendants on October 17, 2011.  Dr. Isaac is a physician who practices internal medicine at the Cape Ann Medical Center in Gloucester, Massachusetts.  As described in an affidavit submitted in connection with the parties' pending motions to enforce the settlement and to reopen the case, Dr. Isaac provided medical treatment to Norris Marston during the time period from September 10, 2008 to November 2, 2011.  He also states in relevant part as follows:

> 21. I now understand that Mr. Marston attended a mediation on October 17, 2011, which resulted in him verbally agreeing to settle his lawsuit from the off-shore accident.  I have been asked by his legal counsel to give my opinion to a reasonable medical certainty, whether Mr. Marston had the mental capacity on October 17, 2011, to comprehend the nature and quality of his agreement on that day, together with an understanding of its significance and consequences.
>
> 22. Based on my knowledge of his mental condition from the time of his accident to the ... present, his medical record and the treatment, which I have provided to him, it is my opinion, to a reasonable medical certainty, that Mr. Marston **did not** have such capacity on October 17, 2011.

By its motion in limine, Costello is seeking to preclude Dr. Isaac from expressing this opinion at the evidentiary hearing on the grounds that it is beyond the scope of what constitutes permissible lay opinion under Rule 701 of the Federal Rules of Evidence.  However, it is not objecting to any testimony that Dr. Isaac may provide regarding diagnoses made during his treatment of the plaintiff.

     A treating physician may render fact witness opinions as long as "his opinion

testimony arises not from his enlistment as an expert but, rather, from his ground-level involvement in the events giving rise to the litigation." Downey v. Bob's Discount Furniture Holdings, Inc., 633 F.3d 1, 6 (1st Cir. 2011).  See also Gomez v. Rivera Rodriguez, 344 F.3d 103, 113 (1st Cir. 2003) (explaining that percipient witnesses who happen to be experts, but are not providing testimony under Fed. R. Evid. 702, may provide testimony "based on personal knowledge acquired before any litigation had begun").  Thus, the treating physician's testimony "must be closely constrained to the facts of the treatment administered and discussed in his notes at the time of the examination." Gonzalez v. Executive Airlines, Inc., 236 F.R.D. 73, 78 (D.P.R. 2006). Additionally, it must be limited "to those opinions [he] formed and relied on during the course of [his] examination and/or treatment of the patient." Id. at 79.

Pursuant to the relevant standards, Dr. Isaac may testify as to his opinions regarding Norris Marston's mental condition during treatment, including the ways in which that condition manifested itself and the extent or permanence of any such condition.  Based on that evidence, the court will determine whether Dr. Isaac may render an opinion regarding Norris Marston's mental capacity to enter into a settlement on October 17, 2011.

SO ORDERED.

    / s / Judith Gail Dein  
Judith Gail Dein  
United States Magistrate Judge